United States District Court

Eastern District of California

Lee Max Barnett,

    Petitioner,

vs.

John Stokes, Acting Warden of San Quentin State Prison[1],

    Respondent.

No. Civ. S 99-2416 DFL PAN P

Order

<u>Death Penalty Case</u>

-oOo-

February 2, 2001, the court granted equitable tolling of the federal limitation period until August 9, 2001.

Petitioner filed a petition for habeas corpus in the California Supreme Court April 5, 2001, case number S096831.

April 9, 2001, petitioner filed his initial petition herein, containing exhausted claims and claims presented in S096831.  The

---

[1] Mr. Stokes is substituted for his predecessor, Jill Brown, as acting Warden of San Quentin State Prison, pursuant to Federal Rule of Civil Procedure 25(d).

1 court required petitioner to amend his pleading to omit
2 unexhausted claims and he then filed his first amended petition
3 including only exhausted claims on August 9, 2002.  Proceedings
4 on the petition were stayed pursuant to the district judge's
5 order issued March 26, 2002.
6     A second state habeas petition, case number S120570, was
7 filed in 2003.
8     August 4, 2003, the court ordered petitioner to file a
9 second-amended petition within three days after the California
10 Supreme Court "decision or decisions" become final.
11     July 27, 2005, the California Supreme Court denied petition
12 S096831.  Petition S120570 remains pending.
13     March 30, 2005, the United States Supreme Court held in
14 Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528 (2005), that
15 abeyance undermines the habeas statutes' purpose of reducing
16 delays in the execution of sentences in capital cases.
17 Therefore, the Court held, abeyance is appropriate only if (1)
18 there is good cause for petitioner's failure previously to
19 exhaust claims in state court, and (2) unexhausted claims are not
20 "plainly meritless."  Further, on June 23, 2005, the United
21 States Supreme Court held in Mayle v. Felix, ___ U.S. ___, 125
22 S.Ct. 2562 (2005), that an amended habeas petition did not
23 "relate back" and thus defeat the limitation period unless the
24 new claims arose out of the "conduct, transaction or occurrence"
25 set forth in the original pleading.  Read together these
26 decisions stand for the principle that the federal statute of

2

1 limitation in habeas cases is meaningful and cannot be subverted
2 through lenient practice permitting abeyance, exhaustion and
3 amendment.
4     July 29, 2005, petitioner moved for leave to file a second
5 amended petition which includes claims the California Supreme
6 Court denied in case number S096831.
7     Rule 15(a), Federal Rules of Civil Procedure provides that
8 "leave [to amend a pleading] shall be freely given when justice
9 so requires." Although this rule proscribes a liberal policy of
10 amendment (see Foman v. Davis, 371 U.S. 178, 182 (1962)),
11 amendment is not permitted when it would be futile (see Allen v.
12 City of Beverly Hills, 911 F.2d 367, 373-74 (9th Cir. 1990)),
13 e.g., when claims made for the first time in an amended pleading
14 are time-barred.
15     Good cause appearing, the court hereby orders that:
16     1. Petitioner's July 29, 2005, motion for leave to amend is
17 denied for petitioner's failure to address why amendment would
18 not be futile.
19     2. Petitioner shall show cause, within 20 days, why the
20 court should not proceed on the existing pleading and find that
21 claims that were not exhausted by April 9, 2001, are time-barred.
22     3. Respondent shall respond to petitioner's showing within
23 20 days thereafter; and petitioner may reply within 10 days
24 ///
25 ///
26 ///

1 thereafter.  The court will schedule a hearing on abeyance,
2 amendment and limitation issues by further order.
3     Dated:  September 6, 2005.

                                    /s/ Peter A. Nowinski
                                  PETER A. NOWINSKI
                                  Magistrate Judge