IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE MAX BARNETT,

    Petitioner,               No. CIV S-99-2416 DFL CMK P

    vs.                              **DEATH PENALTY CASE**

ROBERT WONG[1], et al.,

    Respondents.           ORDER GRANTING EXTENSION

                                       OF TIME AND TO SHOW CAUSE

        Petitioner, Lee Max Barnett, was convicted of murder of the first degree and sentenced to death. Through appointed counsel, petitioner brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 10, 2006, petitioner filed a request for leave to file a third amended petition, which is set for hearing on June 13, 2006. The Warden has filed a request for an enlargement of time to respond to petitioner's motion to file a third amended petition and a request that the hearing on petitioner's motion be rescheduled.

        The parties are familiar with the procedural posture of this litigation, so the court will not detail it again here. The court recites the following salient procedural details. Petitioner

---

[1] Pursuant to Fed. R. Civ. P 25(d), Robert Wong is substituted for his predecessor.

1

filed a petition for habeas relief in this court in 2001. The petition was mixed, and the law at that time required that only a fully exhausted petition could be stayed. Accordingly, the petition was dismissed with leave to amend. Petitioner filed a fully exhausted petition in 2002, which was immediately stayed.

In order to exhaust his state court claims, petitioner has filed two subsequent petitions in state court. As of May 17, 2006, both of petitioner's subsequent state court claims have been denied by the California Supreme Court; petitioner has no habeas corpus petitions pending in the California Supreme Court.[2]

Pursuant to California Penal Code § 1054.9, petitioner has moved for post-conviction discovery in Butte County. Some of petitioner's post-conviction discovery requests have been granted. Petitioner filed a writ of mandate in the California Court of Appeal, Third Appellate Division regarding the denial of part of his discovery motion; the writ of mandate proceedings are still ongoing.

Petitioner states that he seeks to amend now, pursuant to 28 U.S.C. § 2244(d)(1)(D). Petitioner argues that the facts petitioner seeks to add with this amendment could not have been discovered through the exercise of due diligence prior to May 11, 2005, when the state began disclosing discovery documents pursuant to petitioner's § 1054.9 post-conviction discovery request. Although petitioner maintains that the statute of limitations has not yet run, if the court holds otherwise, petitioner must amend now, before the one-year period provided for in 28 U.S.C. § 2244(d)(1)(D) expires.

On May 24, 2006, the Warden filed a request for an enlargement of time to respond to petitioner's motion. The request was made because the motion to amend raises "potentially complex issues" of relation back within the meaning of <u>Felix v. Mayle</u>, 125 S.Ct. 2562 (2005) and requires the Warden to address issues raised by new unexhausted claims

---

[2]On May 23, 2006, petitioner filed a status report, which stated that the California Supreme Court had denied his petition on May 17, 2006.

included in the third amended petition. Additionally, the Warden avers that an enlargement of time is necessitated by the on-going health issues and scheduled March 2007 retirement of the Deputy Attorney General, Ruth Saavedra, who has been assigned to this case for twenty years. Due to DAG Saavedra's imminent retirement and health issues, a new deputy will be assigned to this case.

Petitioner filed a response opposing the Warden's request for an enlargement of time on May 31, 2006.  Petitioner argues that the Warden has not stated sufficient grounds to postpone a responsive pleading or to delay the hearing.

The court has reviewed the parties' filings.  The court finds that the Warden has set forth good cause for an enlargement of time to file a responsive pleading to petitioner's request to file a third amended complaint, and the request will be granted.

The court has carefully reviewed petitioner's proposed third amended complaint. Petitioner's proposed amended complaint includes new claims, which have not been exhausted in state court.[3]  The court is mindful that petitioner's claims may raise issues concerning exhaustion and concerning relation back pursuant to Mayle.[4]  However, at this time, the court is poised to grant petitioner's motion to file a third amended complaint, reserving ruling on issues of exhaustion and relation back until a more appropriate time in the proceedings. Allowing filing of petitioner's third amended complaint will not adversely affect the Warden's ability to later raise exhaustion, relation back or other procedural claims.

The court will set a case management conference in this matter for August 21, 2006 in Redding.  The court is mindful that travel to Redding involves hardship and some expense.  Accordingly, the court allows attorneys to appear by telephone using the court call service.

---

[3] It is the court's understanding that these claims arouse from post-conviction discovery, which was turned over to plaintiff after May 11, 2005.

[4] Mayle v. Felix, __U.S.__,125 S.Ct. 2562 (2005).

1   At the case management conference, if the motion for leave to file a third
2  amended complaint has not been resolved, the court will hear any arguments from the parties on
3  this issue. The court will discuss with the parties how much time will be required to file an
4  answer. The court will also discuss with the parties the need to resolve any potential dispute as
5  to the exhaustion status of the petition immediately after the answer is filed. This will be
6  accomplished by directing the parties to meet and confer and then to file a joint statement setting
7  forth the claims upon which they agree and disagree are exhausted. The joint statement should
8  be filed within thirty days following the filing of the answer. Given that the court will be
9  discussing deadlines with the parties, the parties should come to the status conference prepared
10 to schedule deadlines. The court will issue a separate order concerning budgeting in this case.

Accordingly, IT IS ORDERED:

1. The Warden's request for an enlargement of time to respond to petitioner's request for leave to file a third amended complaint is granted;

2. The Warden is directed to show cause in writing, on or before July 31, 2006, why the court should not grant petitioner's request for leave to file a third amended complaint pro nuc tunc to May 10, 2006;

3. The hearing set for June 13, 2006 is vacated;

4. A case management conference is scheduled in this case for August 21, 2006 at 10:00 a.m. at the United States District Court, 2986 Bechelli Lane, Redding, California; and

5. Pursuant to Fed. R. Civ. P 25(d), the Clerk of the Court is directed to substitute Robert Wong for his predecessor.

DATED: June 2, 2006.

　　　　　　　　　　　　　　　　　　　Craig M. Kellison
　　　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE