IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE MAX BARNETT,

    Petitioner,                    No. CIV S-99-2416 DFL CMK DP

    vs.                                **DEATH PENALTY CASE**

ROBERT L. AYERS, Jr., Acting Warden[1],    **ORDER**

    Respondent.

_____/

    On September 6, 2006, this matter came on for hearing. Petitioner's counsel Jennifer M. Corey and Robert Bacon appeared on behalf of petitioner. Tammi Warwick appeared for respondent.

    In light of the recently filed third amended petition and respondent's contention that several of petitioner's claims are not exhausted, procedurally barred, or untimely under Mayle v. Felix, ___U.S.___, 125 S.Ct. 2562 (2005) (doc. 195), the court discussed with counsel the need to determine a list of claims that respondent can agree are exhausted, not subject to procedural bar, and timely under Mayle. The parties agreed to meet and confer on this issue by November 3, 2006. The parties will submit a joint statement of exhausted, timely and non-procedurally barred claims by December 1, 2006. The court will conduct a telephone conference on this issue on December 6, 2006 at 10:00 a.m.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Robert L. Ayers, Jr. is substituted for his predecessor.

1

The court also discussed petitioner's contention that the Anti-Terrorism and Effective Death Penalty Act of 1996 did not apply to his petition. Petitioner's counsel are directed to file briefing on this issue on or before November 3, 2006. Respondent shall file a reply by January 5, 2007.

Respondent brought up petitioner's competency. The court agreed, that in light of recent filings by petitioner (doc. 199), petitioner's competency might be in question. Petitioner's counsel, Jennifer M. Corey, noted that she objected to being forced to make any statement regarding petitioner's competency; however she assured the court that she did not anticipate issues concerning petitioner's competency to delay the habeas proceedings in this court.

Based on the foregoing, IT IS ORDERED that:

1. Pursuant to Federal Rule of Civil Procedure 25(d), Robert L. Ayers, Jr. is substituted for his predecessor. The Clerk of the Court is directed to update the docket to reflect the above caption.

2. The parties will meet and confer by November 3, 2006 to determine which claims in the amended petition they agree are not subject to challenge on the basis of exhaustion, procedural bar, or relation back. The parties will submit a joint statement to the court regarding these claims by December 1, 2006. The court will conduct a telephone conference on this issue on December 6, 2006 at 10:00 a.m.

3. Petitioner's counsel shall file a brief with the court concerning petitioner's claim that AEDPA does not apply to his petition on or before November 3, 2006. Respondent shall file a reply on or before January 5, 2007.

DATED: September 13, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE