IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE MAX BARNETT,

      Petitioner,                         No. CIV S-99-2416 DFL CMK DP

   vs.                                 **DEATH PENALTY CASE**

ROBERT L. AYERS, Jr., Acting Warden,    **ORDER**

      Respondent.

_____/

      On September 6, 2006, this matter came on for hearing. Petitioner's counsel Jennifer M. Corey and Robert Bacon appeared on behalf of Petitioner. Tammi Warwick appeared for respondent.

      During the course of the hearing, the court informed the parties that the Clerk had recently received a voluminous submission of documents by the Petitioner.[1] The court again

---

[1] The Petitioner describes his filing as a (1) "Notice of Motion And Motion For Expedited Prompt Review Within Ten Days, And Hearing On The Merits Of: (2) Motion For Immediate Summary Judgement [sp] On Several Specific Claims; (3) Motion For Some Sort Of Suitable Release To Line Up Witnesses for Purpose Of the Ability To Exercise Compulsory Process * [sic] And Due Process And Right Of Confrontation And Right To Fair Access To Courts And To Present Complete Defense To Expose Actual Innocence And Fraud On Courts; (4) Motion For Sanctions Against State Of California Due to Outrageous Prejudicial Governmental Misconduct By Intentional Bad Faith Suppression Of Fraud On Courts And Destruction Of Highly Exculpatory Evidence And Denial Of Access To Courts For Speedy Constitutional Trial. Petitioner Has Never Been Afforded Any Proceeding Which Qualifies As A Trial; and (5) Motion To Vacate Judgement And Dismiss Charges With Prejudice:" In all, this submission exceeds over 1000 pages.

1

1  reminded Petitioner's counsel that such submissions must be done through them, and that this court
2  had on a previous occasions entered precisely such orders. (Docs. Nos. 70 and 78).

3        The court is mindful that the Petitioner is a prolific writer, and that discouraging him from
4  making such submissions in pro per has proved difficult at best.  <u>See</u>, <u>In re Barnett</u>, 31Cal.4th 466
5  
6  (2003).  Of concern to the court, however, is the apparent encouragement that Petitioner receives
7  from his counsel to continue to engage in such practice.  At the time of the hearing, Petitioner's
8  counsel represented that she "was not aware he had done it, but that he had talked about filing
9  
10 something."

11       In the court's initial review of the submitted documents, however, a far different scenario
12 became apparent.  It became evident to the court that Petitioner's counsel had received the same
13 documents from Petitioner well in advance of his submission of the same to the Clerk; that she had
14 
15 reviewed them; and thereafter provided the Petitioner with postage and a self addressed envelope
16 to facilitate Petitioner's pro per submission of the same to the court.

17       This is troubling to the Court in a number of respects.  It certainly conflicts with and
18 frustrates Judge Nowinski's previous admonishments and orders regarding Petitioner's pro per
19 
20 submissions (Doc. Nos 70 and 78), but it also suggests that the Federal Defender entertains the
21 notion that the Clerk and the court should assume the responsibility of initially reading and
22 considering these documents for whatever value.  Of course, this court does not accept this
23 invitation. In addition, it is difficult to fathom that Petitioner's counsel believe that promoting such
24 
25 a practice is in the best interest of their client.
26 ///
27
28

Based on the foregoing, and good cause appearing, IT IS ORDERED:

1. Those documents received by Clerk from the Petitioner as hereinabove described be forwarded to the Federal Defender as unfiled and unread;

2. The Clerk is directed to return in the same manner and fashion all future in pro per submissions by Petitioner as unfiled and unread.

DATED: September 13, 2006.

*[signature]*

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE