ROBERT D. BACON, State Bar No. 73297
484 Lake Park Avenue, PMB 110
Oakland, California 94610
(510) 834-6219; Facsimile (510) 444-6861
E-mail: bacon2254@aol.com

DANIEL J. BRODERICK, State Bar No. 89424
Federal Defender
JENNIFER M. COREY, State Bar No. 215737
Assistant Federal Defender
801 I Street, 3d Floor
Sacramento, California 95814
(916) 498-6666; Facsimile (916) 498-6656

Attorneys for Petitioner

BILL LOCKYER
Attorney General of the State of California
TAMI M. WARWICK, State Bar No. 183925
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, California  94244-2550
Telephone (916) 445-2394
(Fax) (916) 324-2960
E-mail: Tami.Warwick@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE MAX BARNETT,<br><br>   Petitioner,<br><br>vs.<br><br>ROBERT L. AYERS, JR., Acting Warden of San Quentin State Prison,<br><br>   Respondent. | No.  CIV S 99-2416 DFL CMK P<br><br>**DEATH PENALTY CASE**<br><br>**JOINT SETTLED STATEMENT** |

The parties submit the following proposed settled statement to memorialize what took place at the September 6, 2006, hearing in this matter.  Due to an equipment malfunction, the

hearing was not recorded. This statement is not intended to be a transcript of the proceedings, but only to highlight the issues discussed.

The Court advised Petitioner's counsel that it had received a lengthy *pro se* pleading from Petitioner. The Court stated that he agreed with Magistrate Judge Nowinski and the California Supreme Court – that pleadings and papers should be filed by counsel.

The Court suggested that the parties meet and confer to discuss issues of exhaustion, relation back and procedural default pertaining to Petitioner's third amended habeas corpus petition. The parties agreed that a meet-and-confer would be productive.

Petitioner's counsel advised the Court that they would be filing a motion to declare that the Anti-Terrorism and Effective Death Penalty Act (AEDPA) should not apply to his petition. Respondent's counsel requested that such motion be resolved early, before procedural issues. The Court set a deadline of November 3, 2006, for Petitioner to file his motion, and a deadline of January 5, 2007, for Respondent to file an opposition.

The Court set a deadline of November 3, 2006, by which the parties will meet and confer to discuss exhaustion, relation back, and procedural default.

Petitioner's counsel asked the Court if it would consider bifurcating the issues, so that the guilt-innocence claims would be resolved first, before the penalty phase claims. Petitioner's counsel advised that she had raised the issue with Respondent's counsel before the hearing. Respondent's counsel replied that Respondent was opposed to the idea because it would delay ultimate resolution of the litigation. If Petitioner prevailed on a guilt-innocence claim in the district court, but that determination was reversed on appeal, the parties would then have to return to the district court to litigate the penalty phase claims. The Court suggested that the parties discuss bifurcation in the meet-and-confer session.

Respondent's counsel proposed that Respondent might want to file a summary judgment motion on purely legal claims. Respondent felt such a motion might expedite the litigation. Petitioner's counsel's initial impression was negative because most of the claims, particularly the

ineffective assistance of counsel claims, involved cumulative error. The Court suggested that the parties discuss summary judgment in the meet-and-confer session.

Respondent's counsel raised the issue of Mr. Barnett's competency, based on a letter that Mr. Barnett had written to the Court. Respondent was concerned that competency be addressed now, not later, perhaps on the eve of an evidentiary hearing, causing delay. Petitioner's counsel responded that they did not intend to raise the issue of Mr. Barnett's competency at this time, and that they did not believe that issues concerning Mr. Barnett's competency would delay the proceedings. Petitioner's counsel stated that Mr. Barnett was interested in expediting, not delaying, the proceedings. Counsel for the parties discussed what happened with the competency proceedings in the case of *Stanley v. Ayers*, CIV S-1500 FCD GGH P; there was disagreement about what had happened in that case.

The Court set a deadline of December 1, 2006, for the parties to submit a joint statement regarding exhaustion, timeliness, and procedural default as to the claims in the third amended habeas corpus petition. The Court scheduled a telephonic status conference for Wednesday, December 6, 2006, at 10:00 a.m.

Submitted December 1, 2006.

ROBERT D. BACON

DANIEL J. BRODERICK
Federal Defender

/s/ Jennifer M. Corey
JENNIFER M. COREY
Assistant Federal Defender

Attorneys for Petitioner

BILL LOCKYER
Attorney General of the State of California

/s/ Tami M. Warwick
TAMI M. WARWICK
Deputy Attorney General

Attorneys for Respondent

1 | It is hereby ORDERED that the Joint Settled Statement is APPROVED.

3 | DATED: December 6, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE