IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE MAX BARNETT, | No. CIV S-99-2416-JAM-CMK |
| Petitioner, | DEATH PENALTY CASE |
| vs. | <u>ORDER</u> |
| ROBERT K. WONG, JR.,[1] | |
| Respondent. | |
| _____/ | |

  Petitioner, a state prisoner proceeding with appointed counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion for leave to take the deposition of Charles Andres (Doc. 279). Respondent has filed an opposition to the motion (Doc. 285) and Petitioner has filed a reply (Doc. 286). A hearing is currently set on this motion before the undersigned on August 6, 2009. October 22, 2008.

/ / /

/ / /

---

[1]  Pursuant to Federal Rule of Civil Procedure 25(d), Robert K. Wong has been substituted for his predecessor. The Clerk of the Court was previously directed to update the docket to reflect the above caption, which has been done.

1

Upon consideration of the arguments presented in petitioner's request and respondent's opposition, the undersigned finds it appropriate to resolve this motion without a hearing. Pursuant to Eastern District of California Local Rule 78-230(h), the hearing scheduled for August 6, 2009, will be vacated.

Petitioner is requesting leave to take the deposition of Mr. Andres, who is terminally ill, citing concerns of whether he will survive until such time as an evidentiary hearing in this case may be held. Respondent objects to the deposition, arguing Petitioner has not made a sufficient showing that this witness can provide any relevant evidence not already presented, and that any testimony this witness may provide would be cumulative of the evidence used by the defense at trial.

Rule 6(a) of the Federal Rules Governing Section 2254 cases states "[a] judge may, for good cause, authorize a party to conduct discovery . . . ." The undersigned finds that Mr. Andres' medical condition constitutes good cause, and will allow Petitioner leave to take his deposition. The decision to allow the deposition of this terminally ill witness is precautionary in nature. This order is made without prejudice to Respondent's right to raise the issue of whether Petitioner has made a proper showing or demonstrated due diligence in the state court. These issues will be resolved at a later time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for leave to depose witness Charles Andres (Doc. 279) is granted;

2. Petitioner may depose Mr. Andres in Redding or at such other place that is mutually agreeable to the parties, as soon as possible at such date and time as is mutually agreeable to the parties;

3. The hearing scheduled for Thursday, August 6, 2009, at 11:00 a.m. in this matter is vacated; and

///

4. If the parties are unable to agree on a mutually agreeable time, they may set the matter for a telephonic conference call with the Court.

DATED: August 5, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE