IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE MAX BARNETT, | No. CIV S-99-2416-JAM-CMK |
| Petitioner, | DEATH PENALTY CASE |
| vs. | ORDER |
| ROBERT K. WONG, JR.,[1] | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding with appointed counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On March 22, 2007, the Magistrate Judge filed amended findings and recommendations (Doc. 217) herein which were served on the parties and which contained notice that the parties may file objections within a specified time. Timely objections to the findings and recommendations have been filed (Doc. 218).

///

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Robert K. Wong has been substituted for his predecessor.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Petitioner generally reiterates the arguments raised in his motion, that the provisions of the Anti-Terrorism and Effective Death Penalty Act of 996 ("AEDPA"), do not apply. He objects to the findings and recommendations on the grounds that the Magistrate Judge erred in failing to address all of his arguments. The court finds those objections have no merit. Petitioner's argument that 28 U.S.C. § 2254(d)(1) violates the Suspension Clause has been foreclosed by the Ninth Circuit's opinion in Crater v. Galaza, 491 F.3d 1119, 1124-26 (9th Cir. 2007) (rejecting such a challenge to AEDPA, concluding "that § 2254(d)(1) raises no Suspension Clause issue"). Petitioner's challenge that AEDPA violates his First Amendment right to petition for redress of grievance, has been rejected by other district courts. See Perez v. Evans, 2009 WL 2104853 (C.D. Cal. 2009) (statute of limitations), Martinez Cedello v. U.S., 2005 WL 2620515 (D. Or. 2005) (time limitations); see also Lamkin v. Cockrell, 2003 WL 22244962 (W.D. Tex. 2003) (finding that "AEDPA's restrictions on successive applications fall within Congress and the courts' traditional power to limit abuses of the writ"). This court agrees that while AEDPA does limit Petitioner's abilities, it does not preclude Petitioner from seeking to redress his grievance through a habeas petition.

Finally, Petitioner's argument that the § 2254(d) standard presumes a state court system with a level of independence and detachment comparable to that of the federal courts (generally an argument that the state court system lacks the level of independence and detachment the federal courts enjoy due to the election of state judges instead of the life time appointment enjoyed by federal judges) lacks merit and support. Petitioner argues that the political climate in California is such, due the pro-death stance of the politicians and their affect on the election/retention of state judges, that the courts are not independent. Therefore,

presumably, the California court's opinions should not be given the deference provided by § 2254(d). Based on the current motion, the court declines to find that California's political environment, in general, interferes with the state court's independence to such an extent that the state court's opinions should not be given deference.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 22, 2007, are adopted in full; and

2. Petitioner's motion for a declaration that AEDPA does not apply in the instant action is denied.

DATED: February 18, 2010

/s/ John A. Mendez
UNITED STATES DISTRICT JUDGE