1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   LEE MAX BARNETT,                          No.  2:99-CV-2416-JAM-DMC

12              Petitioner,

13         v.                                   DEATH PENALTY CASE

14   RON BROOMFIELD[1],                         ORDER

15              Respondent.

16

17              Petitioner, a state prisoner proceeding with appointed counsel, brings this petition

18   for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Petitioner's

19   motion to further amend his third amended petition for a writ of habeas corpus. ECF No. 336.

20   Petitioner filed his motion to amend on July 29, 2011. Id.  In the light of the intervening years and

21   supplemental filings, the Court orders the parties to address any changes in factual or procedural

22   posture that might affect the Court's consideration of the motion to amend.

23   / / /

24   / / /

25   / / /

26   —————————————————

27         [1]      Pursuant to Federal Rule of Civil Procedure 25(d), Ron Broomfield is substituted
     for his predecessor.  The Clerk of the Court is directed to update the docket to reflect the above
28   caption.

                                                  1

1    This Court previously granted Petitioner leave to file a third amended petition.

2  ECF No. 196. Petitioner filed that third amended petition in May 2006. ECF No. 182. Respondent

3  filed a motion to dismiss, arguing that the third amended petition contained unexhausted claims.

4  ECF No. 222. The Court, in 2008, issued findings and recommendations finding that some claims

5  were unexhausted and recommending that those claims be dismissed without prejudice. ECF No.

6  257. The District Judge adopted the findings and recommendations in April 2010 and dismissed

7  the claims without prejudice. ECF No. 300. Petitioner filed the pending motion to further amend

8  the petition in July 2011, asserting that the unexhausted claims had now been properly exhausted

9  in state court. ECF No. 336.

10    As relevant here, in September 2019, the Court ordered that Petitioner file a

11  supplemental brief to update the Court on the law, facts, and procedure then governing the

12  petition and motion to amend. ECF No. 386. Petitioner filed a supplemental brief on November 4,

13  2019. ECF No. 387. In his supplemental brief, Petitioner suggested that the pending motion to

14  amend be denied without prejudice. Id. at 1. Petitioner suggested denying the motion because, at

15  the time he filed the motion in July 2011, he was also pursuing discovery in California state court

16  under California Penal Code § 1054.9. Id. at 2. He expected that discovery would give rise to

17  additional claims that would have to be exhausted in state court. Id.

18    Petitioner also noted that he filed a fourth petition for a writ of habeas corpus in

19  the California Supreme Court on August 27, 2013. Id. He included sixteen new claims in that

20  petitioner based on information gleaned from discovery under § 1054.9. Id. The California

21  Supreme Court accepted briefing in the case but ultimately transferred the petition to the Butte

22  County Superior Court on May 22, 2019. Id. at 2–3. As of Petitioner's November 2019 filing of

23  his supplemental brief, the Superior Court had not ruled upon the habeas petition. Id. at 3.

24  Petitioner further noted that if the Superior Court's ruling on his petition was adverse, then this

25  case would be ripe for a more comprehensive motion to amend. Id. According to Petitioner, such

26  a motion to amend could include *all* the exhausted claims, including the sixteen new claims

27  presented in 2013, not just those in the motion now pending before this Court. Id.  Finally,

28  Petitioner contends that Claim 33 of his current petition is ripe for disposition. Id. at 4.

Respondent filed a response to Petitioner's supplemental brief on December 3, 2019. ECF No. 388. Respondent asks that, instead of denying the pending motion to amend without prejudice, that the Court construe Petitioner's supplemental brief as withdrawal of the motion to amend altogether. Id. at 1. Respondent also asks that, to the extent Petitioner's supplemental brief might suggest staying the present case and holding it in abeyance until Petitioner's fourth habeas petition is resolved in state court, the Court not address abeyance unless Petitioner files a formal motion requesting it. Id.

Petitioner replied on December 17, 2019. ECF No. 390. Petitioner opposed neither dismissal of the motion to amend without prejudice nor deeming the motion withdrawn. Id. at 1. Petitioner asks only that any decision by the Court be without prejudice to a new, comprehensive motion to amend once the state court addresses the fourth habeas petition. Id.

Given the procedural history outlined above, the Court construes Petitioner's November 4, 2019, and December 17, 2019, filings, ECF Nos. 387 and 390, as a notice of withdrawal of his motion for leave to amend, ECF No. 336.

Accordingly, IT IS HEREBY ORDERED that:

1.      Petitioner's motion for leave to amend, ECF No. 336, is withdrawn without prejudice to Petitioner filing a comprehensive motion for leave to amend upon the conclusion of proceedings in state court; and

2.      Given the fluid state of the pleadings, the Court declines to address the merits of Claim 33 at this time.

Dated:  December 17, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE