1
2
3
4
5
6
7
8
9
10

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEE MAX BARNETT, | No.  2:99-CV-2416-JAM-DMC-P |
| Petitioner, | **DEATH PENALTY CASE** |
| v. | |
| RON BROOMFIELD, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Respondent. | |

Petitioner, a state prisoner proceeding with counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant motion relates to Petitioner's third amended petition, ECF No. 183. Petitioner asks the Court to hold these proceedings in abeyance while his fourth state habeas petition is adjudicated. <u>See</u> ECF No. 397, pgs. 8-9. Pending before the Court are Petitioner's motion for an order staying this proceedings, ECF No. 397, Respondent's opposition, ECF No. 399, and Petitioner's reply, ECF No. 400. For the reasons discussed below, the undersigned recommends that Petitioner's motion for a stay be granted, and that consideration of the third amended petition be held in abeyance pending resolution of Petitioner's fourth state court habeas petition.

/ / /

/ / /

/ / /

1

# I. BACKGROUND

### A.   State and Federal Court Proceedings to Date

#### 1.   Conviction, Sentence, and Direct Review

On November 30, 1988, Petitioner was convicted by a jury in the Butte County Superior Court of one count of capital murder, two counts of robbery, one count of assault with a firearm, and four counts of kidnapping, for which the death penalty was imposed. See ECF No. 397-1, pg. 24; People v. Barnett, 17 Cal. 4th 1044, 1069 (1998). On automatic direct appeal, the California Supreme Court affirmed the conviction and death sentence. See id. at 1069.

#### 2.   Post-Conviction Relief

After his direct appeal was denied, Petitioner filed a petition for a writ of habeas corpus to the California Supreme Court, which was denied on November 17, 1999. See ECF No. 79, pg. 3. Petitioner subsequently requested, and was granted, the appointment of counsel to assist in the filing of a federal habeas petition. See id. Petitioner's federally-appointed counsel then successfully petitioned the California Supreme Court to also serve as Petitioner's counsel in any further state proceedings See id.

Petitioner filed his second petition for habeas corpus in the California Supreme Court on April 5, 2001 (case no. S096831), followed by a petition for a writ of habeas corpus filed in this Court on April 9, 2001. See ECF No. 181, pg. 6. Petitioner requested that this Court stay proceedings on his federal petition until the state court ruled on the second state petition. See id. Petitioner's federal petition included claims that had not been raised in prior state habeas proceedings and were therefore unexhausted. See id. At that time, "the law permitted only a fully exhausted petition to be stayed; a 'mixed' petition, containing both exhausted and unexhausted claims, could not be stayed." Id. (citing Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.)). Accordingly, on March 26, 2002, this Court granted Petitioner leave to amend his federal habeas petition to remove all unexhausted claims and ordered that his amended petition be held in abeyance pending the outcome of the second state petition. See ECF No. 79, pg. 11. On August 9, 2002, Petitioner filed his first amended federal petition.  See ECF Nos. 85.

/ / /

2

On June 19, 2003, Petitioner moved to amend his pending second state habeas petition based on changes to state law and newly discovered facts. See ECF No. 181. On November 19, 2003, following "several months of unexplained delay," the California Supreme Court denied Petitioner's motion to amend and instead the proposed amendments as a separate third state petition (case no. S120570). Id. at 6-7. On July 27, 2005, the California Supreme Court denied his second state petition, but took no action on the third petition. See id. at 7.

On July 29, 2005, Petitioner filed a motion for leave to file a second amended federal petition, see ECF No. 156, and lodged the proposed second amended petition, See ECF No. 157. This Court issued an order to show cause directing the parties to explain why the new claims were not time-barred. See ECF No. 227, pg. 15. The parties responded though the docket does not reflect that any further orders were issued regarding the second amended federal petition.

On May 10, 2006, Petitioner filed the operative third amended federal petition. See ECF No. 183.

On May 17, 2006, the California Supreme Court denied Petitioner's third state petition. See ECF No. 188, pg. 1.

In 2011 Petitioner filed a motion to amend the third amended federal petition, seeking to add additional claims for relief and concurrently submitted a proposed fourth amended federal petition. See ECF No. 336.

In 2013 Petitioner filed a fourth state petition for habeas corpus.  See ECF No. 397-1. According to Petitioner, this fourth state habeas petition "advances [fifteen remaining] claims not raised in the original state habeas proceeding, and that are cognizable under the California Supreme Court's interpretation of the rules governing second or subsequent petitions." ECF No. 397, pg. 8.  In 2019, the California Supreme Court transferred Petitioner's fourth state habeas petition to the Butte County Superior Court. See ECF No. 399, pg. 4.

The same year, Petitioner filed in this Court a request to withdraw his motion to amend the third amended federal petition "without prejudice to a new motion to amend, to be filed within a reasonable time after the state courts complete action on his [fourth] petition for state habeas corpus." ECF No. 387, pg. 1. The context for Petitioner's request was that the

California Supreme Court had recently accepted review in a potentially relevant case, In re Friend, 11 Cal. 5th 720 (2021). Petitioner submitted that "[o]nce the state courts complete action on the pending state habeas petition, if the decision is adverse to Mr. Barnett, the case in this Court will then be ripe for a more comprehensive motion to amend, including all the newly-exhausted claims, not just those in the motion to amend now pending." ECF No. 387, pg. 3 (footnote and internal citation omitted). This Court granted Petitioner's request and deemed Petitioner's motion withdrawn "without prejudice to Petitioner filing a comprehensive motion for leave to amend upon the conclusion of proceedings in state court." ECF No. 312, pg. 3.

On November 22, 2021, Petitioner filed the instant motion to request a stay and abeyance of his third amended federal petition while his fourth state petition is litigated.

**B.**     **Summary of New Claims**

As previously noted, Petitioner's fourth state petition advances fifteen new claims (the sixteenth claim, 117 in Petitioner's third amended federal petition, was withdrawn by Petitioner, as discussed below). See ECF No. 397, pg. 8. Petitioner states that this pending fourth state petition contains claims previously dismissed by this Court as unexhausted as well as new claims uncovered during state court discovery proceedings.  See id. at 8-9.  Petitioner also states it is his belief that, with some exceptions, these claims must be exhausted in state court before they can be heard in this Court. See id.

As to certain claims in the fourth amended state petition, Petitioner raises a number of specific points in the present motion.

First, Petitioner states that the claims numbered 136 (part of Claim 13 in Petitioner's third amended federal petition) and 138 (Claim 118 in Petitioner's third amended federal petition and one of the five claims initially dismissed) were exhausted after being presented to the California Supreme Court in Petitioner's *pro per* state petition. See ECF No. 397, pg. 8 n.1. However, they are included in the fourth state petition "[i]n an abundance of caution" to ward against possible challenges to their exhaustion, given the California Supreme Court's dismissal of Petitioner's *pro per* state habeas petition as a California Marsden motion. Id.

/ / /

4

Second, Petitioner states that the claim numbered 137 in the fourth state petition and 117 in Petitioner's third amended federal petition, one of the five federal claims dismissed as unexhausted, has been withdrawn and will not be pursued further in state or federal court. See id.

Third, Petitioner states that the remaining claims in the third amended federal petition which were originally dismissed as unexhausted were presented in the fourth state petition and remain to be exhausted.  See id.

Fourth, Petitioner states that the claim numbered 135 in the fourth state petition is identified as comprising unexhausted allegations within an exhausted claim (Claim 103 in third amended federal petition). See ECF No. 397, pg. 9 (citing ECF No. 257 at 21-22; ECF No. 295 at 1 n.1). Although this Court held that the specific allegations in question were unexhausted, the Court also held that they did not fundamentally alter that claim, and that the majority of the claim was fully exhausted. See ECF No. 397, pg. 9 n.2 (citing ECF No. 257 at 21-22; ECF No. 295 at 1 n.1). As a result, "the Court did not order the formal dismissal of the specific unexhausted allegations now contained in Claim 135 [of the third amended federal petition], but they presently are not appropriate[] for federal review." ECF No. 397, pg. 9 n.2 (citing ECF No. 257 at 21-22; ECF No. 295 at 1 n.1).  Petitioner states that he will seek to restore the specific allegations in Claim 135 to Claim 103 by way of amendment once they are properly exhausted. See id.

As also previously noted, the pending fourth state petition raises a total of fifteen active claims. However, Petitioner further contends that "[a]t least fourteen of the claims are free-standing, cognizable claims," and consequently Petitioner details only fourteen claims. See id. at 14.  It appears that Claim 141 – an ineffective assistance of appellate and habeas corpus counsel claim, See ECF No. 397-1 pg. 82 – is not discussed in the motion at hand.

According to Petitioner, the new claims he is currently litigating in state court are as follows:

- **Claim 127:** denial of effective assistance of counsel at the guilt phase due to trial counsels' failure to investigate and present evidence of drug intoxication and mental impairments, showing Petitioner lacked the requisite mental states for the charged offenses and special circumstances.

/ / /

- **Claim 128:** denial of effective assistance of counsel at the penalty phase due to trial counsels' failure to investigate, prepare, and adequately present the mitigation case, including jail records that showed Petitioner's suicidal state and breaks with reality after his arrest for the capital offense.

- **Claim 129:** trial counsels' conflicts of interest for representing witness David McGee, and their ineffective assistance due to failure to bring these conflicts to the court's attention.

- **Claim 130:** the prosecutor violated due process by withholding material impeachment information regarding at least nine key witnesses […], and defense counsel rendered ineffective assistance of counsel by failing to impeach these witnesses.

- **Claim 131:** denial of effective assistance of counsel due to trial counsels' failure to present available evidence and argument to corroborate witness Tom Burgess.

- **Claim 132:** denial of due process, equal protection, effective assistance of counsel, fair trial, and the Eighth Amendment's guarantees to reliability in sentencing, due to the trial court's failure to allow a continuance and thereafter appoint a drug expert upon defense counsel's properly supported motion, who would have helped corroborate Petitioner's testimony about hidden methamphetamine at the heart of the defense.

- **Claim 133:** the prosecutor violated due process by failing to investigate evidence of Mr. Barnett's innocence contained in a letter it received on September 8, 1988, and defense counsel rendered ineffective assistance of counsel by failing to investigate the same.

- **Claim 134:** the prosecutor violated due process by withholding evidence of innocence related by Jack Gabryelski and by Robin Stingley, and counsel rendered ineffective assistance to the extent such information was available at trial.

- **Claim 135:** violations of Petitioner's rights to a fair trial, to an impartial tribunal, to effective assistance of counsel and to reliable sentencing proceedings, due to the court's inadequate inquiry into misconduct by juror Larry Field, and trial counsels' inadequate representation, likely attributable to defense counsel Mark Stapleton's undisclosed familial relationship to witness Patrice Remington; violations of due process stemming from the prosecutor's suppression of evidence of juror bias from Remington related to Field.

- **Claim 136:** the prosecutor violated Petitioner's rights to due process and confrontation by failing to produce a witness list, and trial counsel rendered ineffective assistance by failing to enforce the trial court's order requiring production.

/ / /

/ / /

6

- **Claim 138:** violations of Petitioner's Sixth Amendment right to effective assistance of counsel, compulsory process, and confrontation, as well as his Fifth, Eighth and Fourteenth Amendment rights to a fair trial, a right to present a defense, due process, and reliable sentencing proceedings, due to trial counsels' failure to introduce evidence of prosecutorial misconduct amounting to fraud upon the court.

- **Claim 139:** the prosecutor violated due process by withholding exculpatory and impeachment information, and by allowing witnesses Lloyd Hampton and Billy Cantwell to testify in a false and misleading manner that Richard Eggett was not alive when Petitioner last saw him.

- **Claim 140:** the prosecutor violated due process by withholding Brady material, notes of an interview with John Hood.

- **Claim 142:** the cumulative effect of errors denied petition due process, fair trial, and reliable determinations of guilt and sentencing.

ECF No. 397, pg. 7 n.3 (internal citations omitted).

These claims are currently unexhausted except as previously described. For that reason, Petitioner seeks to stay this action to exhaust these claims in his fourth state petition and then, upon exhaustion, to amend the operative third amended petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

## II.  GOVERNING LEGAL PRINCIPLES

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). Exhaustion further requires that the petitioner make

7

1   the federal basis of the claim explicit to the state court by including reference to a specific federal

2   constitutional guarantee. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also

3   Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000).

4          When a stay-and-abeyance motion is filed, the analysis depends on whether the

5   petition is mixed or fully exhausted. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). If the

6   petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and

7   unexhausted claims, the request is analyzed under the standard announced by the Supreme Court

8   in Rhines v. Weber, 544 U.S. 269 (2005). See Jackson, 425 F.3d at 661. If, however, the petition

9   currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to

10  exhaust claims not raised in the current federal petition, the analysis discussed in Kelly v. Small,

11  315 F.3d 1063 (9th Cir. 2003) overruled on other grounds by Robbins v. Carey, 481 F.3d 1143,

12  applies. See Jackson, 425 F.3d at 661.

13         Under the Kelly procedure, a petitioner may amend a mixed petition to remove

14  unexhausted claims.  See Kelly, 315 F.3d at 1070-71; King v. Ryan, 564 F.3d 1133, 1135 (9th

15  Cir. 2009). The district court may then stay the petition, now containing only exhausted claims,

16  and hold it in abeyance pending the exhaustion of additional claims in state court. See Kelly, 315

17  F.3d at 1070-71; King, 564 F.3d at 1135. Once the additional claims have been exhausted, the

18  petitioner may then amend his federal habeas petition, adding them to the original petition, as

19  long as the claims are not time-barred. See King, 564 F.3d at 1135, 1140-41. Unlike the

20  procedure created by Rhines, a Kelly stay "does not require that a petitioner show good cause for

21  his failure to exhaust state court remedies." Id. at 1135. However, a petitioner's use of the

22  procedure outlined in Kelly is subject to the requirement of Mayle v. Felix, 545 U.S. 644 (2005),

23  that any newly exhausted claims a petitioner seeks to add to a pending federal habeas petition

24  must be timely or relate back to claims contained in the original petition that were exhausted at

25  the time of filing.  See King, 564 F.3d at 1143.

26  / / /

27  / / /

28  / / /

1    **III.   ANALYSIS**

2        Petitioner and Respondent agree that the pending motion should be analyzed under

3    the <u>Kelly</u> standard, rather than <u>Rhines</u>. <u>See</u> ECF Nos. 397, 399. That is also the finding of this

4    Court. As previously noted, Petitioner elected to dismiss all unexhausted claims from his third

5    amended federal petition, rendering his federal case fully exhausted.  <u>Kelly</u> applies specifically to

6    fully exhausted petitions and, thus, is the proper framework for analysis here.

7        A <u>Kelly</u> stay requires the moving party to show: (1) the claims the petition seeks to

8    pursue are cognizable under 28 U.S.C. § 2254; (2) there is a likelihood of prejudice to the

9    petitioner should a stay be denied; and (3) the motion for a stay is not brought to delay, to vex, or

10   as an abuse of the writ. <u>See</u> <u>Fetterly v. Paskett</u>, 997 F.2d 1295, 1301-02 (9th Cir. 1993); <u>accord</u>

11   <u>Placencia v. Davey</u>, No. 2:14-cv-2412 WBS KJN P, 2015 U.S. Dist. LEXIS 24199, at \*3 (E.D.

12   Cal. 2015); <u>Harvey v. Kramer</u>, No. C 08-2947 RMW (PR), 2008 U.S. Dist. LEXIS 79116, at \*2-3

13   (N.D. Cal. 2008).  Considering these factors, the Court concludes that a stay is warranted.

14       A.    <u>**Whether the New Claims Are Cognizable**</u>

15       Petitioner submits – and Respondent does not dispute – that most, if not all, of

16   Petitioner's new claims are cognizable as alleging violations of federal law or the United States

17   Constitution. That is also the finding of this Court.  In the introduction, Petitioner's pending

18   fourth state petition explicitly lists "substantial violations of his rights under the Fifth, Sixth,

19   Eighth[,] and Fourteenth Amendments to the United States Constitution and the analogous

20   provisions of the California Constitution," ECF No. 397-1, pg. 26, and such violations are

21   described in greater detail throughout the petition. <u>See, e.g.</u> <u>id.</u> at 34, 55, 58, 61.

22       B.    <u>**Likelihood of Prejudice**</u>

23       The AEDPA's one-year statute of limitations on federal habeas corpus petitions is

24   tolled while a *state* petition is pending. <u>See</u> 28 U.S.C. § 2244(d)(2).  However, it is *not* tolled

25   while a federal petition is pending. <u>See</u> <u>Mitchell v. Valenzuela</u>, 791 F.3d 1166, 1172 (9th Cir.

26   2015) (citing <u>Duncan v. Walker</u>, 533 U.S. 167, 181). Because state proceedings "can be lengthy

27   and unpredictable," <u>Mitchell</u>, 791 F.3d at 1172, denying Petitioner's motion would create a

28   substantial risk of prejudice.

9

1            For evidence of the "lengthy and unpredictable" nature of state proceedings, one

2 need look no farther than the procedural history of this case.  Although the California Supreme

3 Court requested and received informal briefing on the currently pending matter – the fourth state

4 petition – it took no further action until 2019, at which time it transferred the petition to the Butte

5 County Superior Court, where it once again came to a standstill. See ECF No. 397, pg. 20.

6 Consequently, if the Court were to rule dispositively on Petitioner's federal motion for habeas

7 corpus before the conclusion of Petitioner's state proceedings, Petitioner would almost certainly

8 be time-barred from filing a new federal petition for habeas corpus through little or no fault of his

9 own.

10            Even if Petitioner would not be time-barred under AEDPA's statute of limitations,

11 denying the requested stay would prejudice Petitioner because, if Petitioner's third amended

12 federal petition is adjudicated before he is able to add newly-exhausted state claims, he will be

13 required to comply with the significant burdens imposed on the filing of a second or successive

14 petition under 28 U.S.C. § 2244(b). As the 9th Circuit held in Mitchell, "[t]he denial of a motion

15 to stay and abey is 'dispositive insofar as proceedings in the federal court are concerned,' because

16 'such an order preclusively determines the important point that there will not be a federal forum

17 available to entertain' the petitioner's unexhausted claims." 791 F.3d at 1173 (quoting Flam v.

18 Flam, 788 F.3d 1043, 1047 (9th Cir. 2015)).

19            As Petitioner summarizes, a petitioner denied a stay and abeyance under the

20 instant circumstances "'will lose the opportunity ever to present [their new claims]' in federal

21 habeas, because 1) the statute of limitations period will have run on the claims and they will not

22 relate back to the original petition because they do not arise from the same core of operative facts,

23 2) the remaining habeas petition will have been decided by the time the state court adjudicates the

24 new habeas claims, triggering the onerous requirements for filing a second or successive habeas

25 petition, or 3) both." ECF No. 397, pg. 16 (quoting Mitchell, 791 F.3d at 1172).

26            The Court finds that there is a significant likelihood of prejudice to Petitioner

27 should a stay of federal proceeding not be granted.  This factor thus weighs heavily in Petitioner's

28 favor.

C.      **Diligence in Seeking Relief**

Respondent contends that Petitioner's motion for a stay and abeyance should be denied because Petitioner was offered the option of a stay and abeyance order on two prior occasions (in 2008 and 2011) but declined to utilize it. See ECF No. 399, pg. 5. Respondent suggests that the alleged delay in seeking a stay and abeyance – more than ten years after such an option was previously offered and whether intentional or inadvertent – constitutes a delay sufficient to deny the instant motion. See id.

The Court finds Respondent's contention unconvincing. Other than a highly rigid application of the doctrine of "use it or lose it," Respondent cites no case law to support the argument that a petitioner's decision to decline a stay and abeyance at one point in time should preclude one at any point in the future.  Quite to the contrary, Respondent acknowledges that this Court has *discretion* to stay and hold a federal petition in abeyance to grant the petitioner an opportunity to exhaust any unexhausted claims in state court. See id. at 4.

Furthermore, as both Petitioner and Respondent note, Petitioner ultimately reconsidered the Court's 2011 offer of a stay and abeyance order and consented to it in writing (ECF No. 350). See ECF No. 399, pg. 5; ECF No. 400, pg. 2. Although the Court did not enter a formal order staying Petitioner's federal litigation, "lack of action on the case proved equivalent to a grant of stay and abeyance." ECF No. 400, pg. 2. Petitioner contends, and the Court agrees, that "[n]othing would be different if Petitioner had filed such a motion in 2011." Id. Accordingly, Petitioner's prior decisions regarding offers of stay and abeyance should not bar him from receiving a favorable determination now.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that Petitioner's motion to stay proceedings, ECF No. 397, be granted and that this action be stayed pending resolution of Petitioner's fourth state petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 3, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

12